Albert J. MINICHELLO, Nicholas Mauriello and Ygnatz Yuchnis, on a derivative action on behalf of themselves and on behalf of other stockholders of the First National Bank of Exeter similarly situated, incorrectly described in the summons and complaint as Albert J. Minichello, Nicholas Mauriello and Ygnatz Yuchnis, Plaintiffs,

v.

James J. SAXTON, Comptroller of Currency for the United States of America, First National Bank of Exeter, Wyoming National Bank of Wilkes-Barre, August J. Lippi, Ettore Lippi, John Lippi, John B. Campbell, George Maffei, and Harold Reich, Defendants.

Civ. A. No. 7591.

United States District Court
M. D. Pennsylvania.

July 2, 1962.

Arthur D. Dalessandro, Arthur A. Maguire, Wilkes-Barre, Pa., Joseph J. Ustynoski, Conrad A. Falvello, Anthony C. Falvello, Hazleton, Pa., for plaintiffs.

Andrew P. Vance, Atty. Dept. of Justice, Washington, D. C., for defendant James J. Saxton.

Charles Shea, Jr., Wilkes-Barre, Pa., for defendant, Wyoming Nat. Bank of Wilkes-Barre.

Thomas F. Gill, Wilkes-Barre, Pa., for all other defendants.

FOLLMER, Chief Judge.

The plaintiffs, Albert J. Minichello, Nicholas Mauriello and Ygnatz Yuchnis, on a derivative action on behalf of themselves and on behalf of other stockholders of the First National Bank of Exeter similarly situated, instituted an action against James J. Saxton, Comptroller of Currency for the United States of America, the First National Bank of Exeter, the Wyoming National Bank of Wilkes-Barre, and various directors of the Exeter bank, seeking to set aside a sale of the assets of the First National Bank of Exeter to the Wyoming National Bank of Wilkes-Barre. The Comptroller of Currency has filed a Motion to Dismiss as to him.

The prayers for relief as affecting the Comptroller are listed in the Complaint as follows:

"1. Enjoin the Comptroller of Currency from appointing a Conservator for the First National Bank of Exeter hereafter.

"2. Issue an order declaring that the appointment of a Conservator for the First National Bank of Exeter was an abuse of discretion by the Comptroller of Currency of the United States.

\* \* \* \* \* \*

"8. Direct the Comptroller of Currency to revoke his approval of the contract between the First National Bank of Exeter and the Wyoming National Bank of Wilkes-Barre.

\* \* \* \* \* \*

"11. Direct the Comptroller of Currency to provide the plaintiffs with a copy of the articles of association and the by-laws of the First National Bank of Exeter.

"12. Direct the Comptroller of Currency to return the affairs of the First National Bank of Exeter to its Board of Directors.

\* \* \* \* \* \*

"14. Enjoin the Comptroller of Currency, his agents, servants and subordinates, from interfering in any manner whatsoever with the contractual rights and obligations of the First National Bank of Exeter now existing or hereafter existing."

■ As far as the Comptroller is concerned, what this Complaint seeks to do is to ask this Court to interfere with the Comptroller's exercise of his discretion. To paraphrase the statement of Judge Freeman in Community National Bank of Pontiac v. Gidney, D.C.E.D.Mich., 192 F.Supp. 514, 519 (1961), this Court is of the opinion that Congress intended that the Comptroller have an exclusive and unreviewable power of discretion in determining whether or not to appoint a conservator (12 U.S.C.A. § 203) or terminate a conservatorship (12 U.S.C.A. § 205) or to approve or disapprove a sale of the assets of a bank, as here, by the directors of the First National Bank of Exeter to the Wyoming National Bank (12 U.S.C.A. § 1828(c)) (See also, Adams v. Nagle, 303 U.S. 532, 58 S.Ct. 687, 82 L.Ed. 999 (1938)). The Comptroller's "jurisdiction in respect to all matters properly within his discretion is exclusive, and he is in respect thereto in no manner amenable to any court, nor is his action subject to review therein." Liberty Nat. Bank of South Carolina at Columbia et al. v. McIntosh et al., 4 Cir., 16 F.2d 906, 909 (1927).

■ The issue in the present action is whether there was or was not a valid sale by the directors of the First National Bank of Exeter to the Wyoming National Bank of Wilkes-Barre, and for the determination of that issue there is nothing in this Complaint which affords any basis for the retention of the Comptroller of Currency in this action. Motion to Dismiss will accordingly be granted.